[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on October 8, 1994 at Ansonia, Connecticut. They have resided continuously in this state since that time. There are two minor children of the parties: Stacy Rose Fletcher, born June 10, 1982; and Ryan Jack Fletcher, born December 2, 1991.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in CT Page 7709 §§ 46b-56, 46b-81, 46b-82, 46b-82 and46b-62 C.G.S. in reaching the decisions reflected in the orders that follow.
This is the second marriage to each other for these parties. Although the present marriage was of approximately four years duration, the background of their relationship is important to fully understand the decisions rendered herein.
The parties first married in November 1981. One child was issue of this union, Stacy Rose Fletcher, born June 10, 1982. The parties divorced in August 1984.
Thereafter, the parties resumed a relationship in 1988. The defendant had come out of a halfway house and was unemployed. The plaintiff was working at the time and assisted the defendant. Sometime in 1991, the parties moved to an apartment on Jewett Street, Ansonia. The defendant contributed to the household financially although he continued to sleep at his parents' home in Seymour. The defendant moved in with the plaintiff and their daughter, Stacy, sometime in October/November 1991, shortly before their child, Ryan, was born in December 1991.
The parties remarried the second time in October 1994. The parties continued to live together until June or July 1998.
In December 1993, prior to the second marriage, the defendant purchased the marital home on Ida Avenue, Derby, Connecticut. The defendant used $30,000 from his funds for the purchase of this property. The purchase price was $109,900 and the defendant took out a $75,000 mortgage. Title was placed solely in the defendant' name, although at the time, the parties were living together as a family unit. The plaintiff, the defendant and the two minor children moved into their home in December 1993.
The parties remarried on October 8, 1994, and continued to live together until June/July 1998.
In June 1997, the defendant paid off the first mortgage of approximately $74,000. In 1997 or 1996, the defendant renovated the kitchen in the family home at a cost of $18,000.
Apparently, this second marriage of the parties was as stormy as the first, and this dissolution action was initiated in January 1998. CT Page 7710
The plaintiff is 44 years old and in reasonably good health. She has had varied modest employment during the marriage. The plaintiff claims their relationship worsened in 1998.
Both children have problems. The daughter Stacy has been in counseling for the past six years and has been diagnosed with depression. She was recently discontinued from the use of Prozac for her serious psychiatric problem. She is in her third year of high school. The defendant is trying to restore his relationship with Stacy.
The younger child, Ryan, who is seven years old, has Attention Deficit Disorder and is hyperactive. He is presently on medication and further counseling is recommended. The defendant has a strong relationship with his son.
The defendant is 43 years of age. He was diagnosed with hepatitis C in March 1995. His treating physician plans to start the defendant on a new regime of medication in the near future. The doctor indicated that the defendant's use of recreational drugs up to 1987 was a factor in the cause of hepatitis C. This is a progressive disease.
The defendant has started up his own computer business and through hard work and diligence has shown gross income for tax purposes in the area of $75,000 per year on gross receipts of approximately $169,000. The defendant also claims substantial depreciation from $6,000 to $11,000 per year based on the last three years of income tax records filed as exhibits. The defendant was also able to accumulate $75,000 to pay off the mortgage on the home in June 1997, plus an additional $18,000 for kitchen remodeling.
As sometimes happens with sole proprietorship, the business funds become blended with the personal finances and it becomes difficult to determine the true and accurate net income for purposes of child support and alimony.
The defendant claimed the plaintiff had an extramarital affair which created the breakdown of the marriage. The court determines that any extramarital affair occurred after the institution of this action.
Unfortunately, the parties were unable to resolve their CT Page 7711 marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship. No useful purpose would be served by a review of all the evidence presented in this matter.
The following orders shall enter.
CUSTODY/PARENTING PLAN
1. The parties shall have joint legal custody of the minor children with residential custody with the plaintiff wife.
2. Visitation with Stacy by the defendant shall be liberal, reasonable and flexible, taking into account Stacy's school schedule, work schedule and other activities.
3. The rotating parenting plan for the younger child, Ryan, shall be as follows:
 Week One: Friday at 5 p. m. to Sunday at 6 p. m. If the following Monday is a school holiday, then the child shall be returned home on Monday at 6 p. m.
 Week Two: Friday at 5 p. m. to Sunday at 6 p. m. If the following Monday is a school holiday, then the child shall be returned home on Monday at 6 p. m.
 Week Three: Friday at 5 p. m. to Sunday at 6 p. m. If the following Monday is a school holiday, then the child shall be returned home on Monday at 6 p. m.
 Week Four: The child shall reside with the wife.
4. In addition thereto, the defendant shall be entitled to have the minor child, Ryan, on Wednesday evening from after school to 7 p. m.
5. During the summer when the child does not attend school, the parties shall abide by the same four week schedule as set forth above, except the father shall return the child to the mother's home on Monday morning.
6. The defendant shall be entitled to two non-consecutive weeks of vacation time during the summer. CT Page 7712
7. The child shall reside with the husband on every holiday from 10 a.m. to 3 p. m. as the parties have agreed, except for the Christmas holiday which shall be shared between the parties.
8. Mother's Day shall be with the plaintiff and Father's Day shall be with the defendant. This shall supercede the rotating weekend schedule as set forth above.
9. Neither party shall remove the child from the State of Connecticut without forty-eight (48) hours notice to the other party.
10. The parties will provide unlimited telephone contact at reasonable times and hours between the child and parent.
CHILD SUPPORT
The husband shall pay to the plaintiff as child support for the two minor children the sum of $300.00 per week commencing one week from date. Child support shall be paid until each child completes high school or reaches the age of 19 years, dies or becomes emancipated, whichever occurs first.
HEALTH INSURANCE
1. The defendant husband shall continue to maintain the two children on his health insurance for so long as legally possible.
2. Any unreimbursed and uninsured medical and dental expenses shall be paid by the defendant until such time as the plaintiff obtains full time employment. When the plaintiff obtains full time employment, the unreimbursed medical/dental expenses shall be paid 2/3's by the defendant and 1/3 by the plaintiff. The plaintiff shall notify the defendant within two weeks of her obtaining full time employment.
COBRA BENEFITS
The plaintiff shall be entitled to COBRA benefits as are available through the defendant's medical coverage. The defendant shall pay the cost of COBRA for the plaintiff for a period of one year from date. Thereafter, the plaintiff shall be responsible for the cost of COBRA. The plaintiff shall be responsible for any unreimbursed or uninsured medical expenses. CT Page 7713
REAL ESTATE
1. The parties were at odds over the disposition of the marital home located at 122 Ida Avenue, Derby, Connecticut. This home which was purchased prior to the marriage is solely in the defendant's name. The defendant has hepatitis C which has been described as progressive. His future is uncertain. He has no life insurance and no evidence was presented as to the cost or whether the defendant is insurable. In the event of the defendant's untimely death prior to the sale of the real estate as set forth below, the plaintiff would not realize any interest in the real estate.
2. It is ordered that new deeds shall be prepared awarding a 70% interest in the real estate to the defendant and a 30% interest to the plaintiff.
3. The plaintiff wife is awarded exclusive use, possession and occupancy of the marital home giving her the ability to maintain a stable environment for herself as well as for the two children.
4. Commencing one week from date, the wife shall be responsible to pay the real estate taxes and homeowner's insurance and utilities for so long as she resides in the home or until the real estate is sold as set forth hereafter, whichever event first occurs.
5. Upon the youngest child completing and graduating from middle school, (eighth grade), the real estate shall be placed on the market for sale and shall be sold forthwith at a price agreed upon by the parties.
6. If the parties are unable to agree on a listing price based on the market value of the property, then each party shall select one real estate appraiser. The market value shall be the averages of the two appraiser. Any purchase offer within 3% of the current listing shall be accepted by the parties.
7. Upon the sale of the real estate there shall be deducted from the gross proceeds of such sale:
A) the real estate commission
 B) attorney's fees and usual closing costs CT Page 7714 incurred in connection with said sale
The balance of the net proceeds shall be divided as follows:
A) The first $40,000 is awarded to the defendant
 B) The balance of the proceeds shall be equally divided between the parties
 C) Before either party receives their respective share of the net proceeds, the balance, if any, which the plaintiff and defendant owe to the attorney for the minor children for his services shall be deducted from his/her net share and shall be paid directly to the attorney for the minor children.
8. The Court shall retain jurisdiction over any disputes arising out of the sale of the real estate.
9. So long as the wife resides in the marital home, she shall be responsible to pay for minor repairs up to $300. Any repairs over $300. shall be equally divided between the parties.
ALIMONY
The defendant shall pay to the plaintiff as periodic alimony the sum of $100. per week commencing one week from date for a period of three years. The court finds that the plaintiff has certain skills to enable her to obtain full time employment within a reasonable period of time. Alimony shall sooner terminate on the plaintiff's death, remarriage or cohabitation as defined by statute or the death of the defendant or three years from date whichever event shall first occur.
PERSONAL PROPERTY
1. The plaintiff is awarded the following:
1) The 1984 Cadillac motor vehicle
2) The 1995 Nissan 200SX motor vehicle
3) The 24 inch T.V. CT Page 7715
4) One of the two VCRs
5) Diningroom table and chairs
6) Her bank accounts and jewelry
2. The defendant is awarded the following:
1) His tools
2) The snow blower
3) His personal effects, clothing and memorabilia
4) One of the two VCRs
5) His 1998 Toyota Four Runner
 6) The defendant's business, "Computer Assist," shall be his sole property
 3. The State of Connecticut rebate check in the amount of $150.00 shall be equally divided between the parties.
FEES FOR THE ATTORNEY FOR THE MINOR CHILDREN
The Court approves Counsel's hourly rate of $200. per hour and approves counsel bill in the amount of $6570. for services rendered on behalf of the minor children. Each party shall be responsible for one half of the fee due to the attorney for the minor children. If not sooner paid by the parties, the attorney's fees shall be paid from each party's net proceeds from the sale of the marital home. The attorney's fees shall be paid before either party receives any proceeds from the sale of the marital home.
COUNSEL FEES
1. The defendant runs his own computer business. His gross receipts over the past 3 years have ranged from approximately $154,000 to $169,000. He shows substantial deduction for depreciation and advertising. Several personal expenses have been paid from his business account. Plaintiff's counsel referred to it as "innovative accounting." CT Page 7716
2. The defendant shall pay to the plaintiff as a contribution toward attorney's fees the sum of $2000. within a reasonable period of time. The court has considered that the defendant has already paid $1500. Counsel fees as part of the pendente lite order.
TAX EXEMPTIONS
The defendant shall be entitled to claim the 2 minor children as deductions for federal and state income tax purposes so long as he is current in his child support payments as of December 31St.
This provision is modifiable and shall be reviewed at the time the Real Estate is sold or earlier by motion of either party.
DEBTS
1. The defendant shall pay $1500. of the plaintiff's master card bill which was the amount of the debt at the time the parties separated.
2. The parties shall be responsible for their own remaining debts as shown on their respective financial affidavits.
Coppeto, J.